

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 09-39906-D-7 |
| KENNETH HARRISON and ALICIA HARRISON, | Docket Control No. JRR-2 |
| Debtors. | Date: May 12, 2010<br>Time: 10:00 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On March 23, 2010, John R. Roberts, chapter 7 trustee in this case, filed a motion for turnover by the debtors, Kenneth Harrison and Alicia Harrison, of (1) their 2009 tax returns and tax refund checks and (2) an employment bonus payment and copies of the bonus check and voucher. At the hearing held May 12, 2010, the trustee informed the court he was willing to go forward on the issue of the bonus alone, reserving the right to revisit the issue of the tax refunds upon his review of the debtors' tax returns.[1] As to the bonus payment, in his points and authorities filed May 5, 2010, the trustee asked the court to determine that the bonus payment is property of the estate, prorated as of the date of filing. For the reasons set forth below, the court will grant the motion.

---

1. At the hearing, the trustee noted that the debtors had not yet provided him copies of their 2009 tax returns. The debtors should be aware of their duty to provide such returns as have been requested by the trustee. 11 U.S.C. § 521(f)(1).

Case 09-39906   Filed 05/18/10   Doc 30

The trustee contends that debtor Kenneth Harrison had a contingent interest in the bonus at the time this case was commenced, and that the interest is property of the estate. In response, Harrison testifies that he "did not receive an income bonus based on the financial performance" of his employer during the fiscal year 2009, but that on January 29, 2010, he received a "discretionary bonus" that had been announced on January 20, 2010. He states, "[t]his bonus was contingent upon my, Kenneth Harrison's, continued employment through January 29, 2010."[2]

From these facts, the debtor argues that the bonus was not "pending" at the time the petition was filed, on September 16, 2009, that it was not announced until January 20, 2010, and that it was dependent upon the debtor's continued employment and performance for the company post-petition through January 29, 2010. Thus, the argument goes, the bonus was not "'sufficiently rooted in the prebankruptcy past'" as to be included in the bankruptcy estate. See In re Ryerson, 739 F.2d 1423, 1426 (9th Cir. 1984), quoting Segal v. Rochelle, 382 U.S. 375, 380 (1966).

The argument was expressly rejected by the Ninth Circuit Court of Appeals in Jess v. Carey (In re Jess), 169 F.3d 1204 (9th Cir. 1999). "Payments for pre-petition services are not excludable from the estate solely because post-petition services are required to receive payment." 169 F.3d at 1207, citing In re Ryerson, 739 F.2d 1423, 1425-26 (9th Cir. 1984) [construing pro rata portion of post-petition employment termination payment as property of the estate]; In re Wu, 173 B.R. 411, 414-15 (9th Cir.

---

2. Declaration in Support of Opposition to Trustee's Motion for Turnover of Assets, filed April 30, 2010, ¶¶5, 9-11.

- 2 -

BAP 1994) [same regarding commissions on insurance renewal premiums]. "The estate is entitled to recover the portion of post-petition payments attributable to pre-petition services." *Jess*, 169 F.3d at 1207. *Jess* is dispositive in this case.

As a matter of logic, and there being no evidence to the contrary, the court assumes the petition date itself had no bearing on Harrison's employer's decision to award him a discretionary bonus. Thus, the court cannot conclude that the bonus was based solely on Harrison's performance during the post-petition period; that is, between September 16, 2009 and January 29, 2010. And it would be entirely unreasonable to assume that the bonus was based solely on Harrison's employment and performance between January 20, 2010, the date of the announcement, and January 29, 2010, the date of payment, a period of nine days.

Absent evidence to the contrary, the court concludes that the most logical basis for the bonus is Harrison's services during the calendar year 2009. There having been no indication that some time period during that year was more significant than another in terms of the bonus, the amount of the bonus multiplied by the fraction 285/365 is property of the estate, and the court will order the debtors to turn over that amount to the trustee, together with copies of the bonus check and voucher, as requested by the trustee, within 10 days from the date of the order.

The court will issue an appropriate order.

Dated: May 18, 2010

ROBERT S. BARDWIL
United States Bankruptcy Judge

- 3 -

## CERTIFICATE OF MAILING

  I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, am readily familiar with the collection and mailing practices of this office. On today's date I caused a true and copy of the attached document to be mailed by ordinary mail to the parties/addresses listed below:

John Roberts
P.O. Box 1506
Placerville, CA 95667

Gregory Flahive
2365 Iron Point Rd., #220
Folsom, CA 95630

Kenneth and Alicia Harrison
8150 Winding Way
Fair Oaks, CA 95628


DATE:   MAY 18 2010

                *[signature]*
                Deputy Clerk